PASCHAL WOOD *vs.* SARAH W. GANNETT, Administratrix.

An executor or administrator is not rendered by *St.* 1852, *c.* 312, § 60, a competent witness to matters known to him before he assumed his trust, without first releasing costs, or receiving or being tendered security against costs, as required by *St.* 1839, *c.* 107, § 2.

ACTION OF CONTRACT for wood sold and delivered to the defendant's intestate. At the trial in the court of common pleas, *Briggs,* J. allowed the defendant to be sworn as a witness and testify to facts known by her before she assumed the trust of administratrix; although the plaintiff objected to her competency as a witness, and she had not released her right to recover costs, nor received, nor had tendered to her, any security for her liability for costs. The verdict was for the defendant; and the plaintiff alleged exceptions.

*G. A. Somerby & J. W. Bacon,* for the plaintiff.

*B. F. Butler,* for the defendant. Under *St.* 1839, *c.* 107, § 2, an executor or administrator may be a witness, in any suit to which he is party, as to matters known to him before his appointment, provided he first releases his right to recover costs, and so becomes a disinterested witness. By *St.* 1852, *c.* 312, § 60, no person shall be incapacitated from giving testimony by reason of any interest. Construing these two statutes together, as being acts *in pari materia,* the defendant was not disqualified, either by reason of being a party to the record, or by reason of interest, and was therefore rightly admitted to testify to facts within her knowledge before she assumed her trust.

METCALF, J. By *St.* 1839, *c.* 107, § 2, an administrator, &c., "who may be a party to a suit, having no interest therein except such as arises from his liability for costs and expenses of suit, may be a witness in such suit to any matter known to him before he assumed the trust of his appointment; provided he shall first release his right to recover costs in such suit, or shall receive, or have tendered to him, such security for his liability for costs, as, in the opinion of the court before which the case is pending, shall be sufficient to indemnify him on account thereof." Under this statute, the defendant was not a competent witness in this

suit; she not having released her right to recover costs, nor having received any security, nor tender of security, for her liability for costs. But she was admitted to testify. And the question now is, whether the practice act ( *St.* 1852, *c.* 312, § 60,) has made her a competent witness without her giving the release or receiving the security required by the previous statute.

The provision in the practice act is, that no person offered as a witness shall be excluded from giving evidence " by reason of incapacity from crime or interest ; but this act shall not render competent any party to a suit or proceeding who is not now by law rendered competent." When this act was passed, an administrator, party to a suit, was not by law rendered competent as a witness in the suit, unless he should first have given the release, or received, or had tendered to him, the security required by *St.* 1839, *c.* 107. As no party to a suit was, by the practice act, made a competent witness in the suit, who was not previously rendered competent by law, and as no administrator, party to a suit, was previously rendered competent by law, except on certain prescribed terms, we are of opinion that he is not, by that act, rendered competent on any other terms. The law on this point was in no way affected by that act, but was left as it stood before.                     *Exceptions sustained.*